

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2013 MAR 15  A 11: 59



**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*
*Northern Division*

---

*Rod J. Rosenstein*
*United States Attorney*

*Judson T. Mihok*
*Assistant United States Attorney*

*36 South Charles Street*
*Fourth Floor*
*Baltimore. Maryland 21201*

*DIRECT: 410-209-4903*
*MAIN: 410-209-4800*
*FAX: 410-962-3091*
*TTY/TDD: 410-962-4462*
*Judson.Mihok@usdoj.gov*

November 13, 2012

Joseph A. Balter
Office of the Federal Public Defender
  for the District of Maryland
100 South Charles Street
Tower II, Suite 1100
Baltimore, MD 21201

Re:   Plea Agreement in the Case of
      *United States v. Dewayne M. Booth*
      Criminal No.  ELH-12-0406

Dear Mr. Balter:

This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by close of business on November 29, 2012, it will be deemed withdrawn.

The terms of the agreement are as follows:

<u>Offense of Conviction</u>

1.     The Defendant agrees to plead guilty to Count Three of the Indictment charging him with Possession of a Visual Depiction of a Minor Engaged in Sexually Explicit Conduct, in violation of 18 U.S.C. §§2252(a)(4)(B) and (b)(2).   The Defendant admits that he is, in fact, guilty of that offense and will so advise the Court.

<u>Elements of the Offense</u>

2.     The elements of the offense to which the Defendant has agreed to plead guilty,

and which this Office would prove if the case went to trial, are as follows:

(a)    That on or about and between January 13, 2011, and May 6, 2011, in Maryland, the Defendant knowingly possessed a visual depiction;

(b)    That the visual depiction was produced using materials that had been transported in or affecting interstate or foreign commerce;

(c)    That the visual depiction was of minors engaged in sexually explicit conduct; and

(d)    That the Defendant knew of the sexually explicit nature of the material and that the visual depictions were of minors engaged in that sexually explicit conduct.

<u>Penalties</u>

3.    The maximum sentence provided by statute for the offense to which your client is pleading guilty is not more than (10) years, followed by a term of supervised release of at least 5 years and not more than life, and a fine of $250,000. In addition, the Defendant must pay $100 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.[1] If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

(a)    The Defendant understands and agrees that as a consequence of his conviction for the crime to which he is pleading guilty, he will be required to register as a sex offender in the place where he resides, where he is an employee, and where he is a student, pursuant to the Sex Offender Registration and Notification Act (SORNA), and the laws of the state of his residence. Failure to do so may subject him to new charges pursuant to 18 U.S.C. § 2250.

<u>Waiver of Rights</u>

4.    The Defendant understands that by entering into this agreement, he surrenders

---

[1]    Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

certain rights as outlined below:

(a)     If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

(b)     If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

(c)     If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

(d)     The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

(e)     If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

(f)     By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

(g)     If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

(h)     By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status. The Defendant recognizes that if he is not a citizen of the United States, pleading guilty may have

consequences with respect to his immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including his attorney or the Court, can predict with certainty the effect of a conviction on immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any potential immigration consequences.

### Advisory Sentencing Guidelines Apply

5.      The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

### Factual and Advisory Guidelines Stipulation

6.      This Office and the Defendant understand, agree and stipulate to the following Statement of Facts set forth in Attachment A hereto which this Office would prove beyond a reasonable doubt and to the following applicable sentencing guidelines factors:

### Possession of Child Pornography

(a)      The base offense level is eighteen (18) pursuant to U.S.S.G. §2G2.2(a)(1).

(b)      Pursuant to U.S.S.G. §2G2.2(b)(2), there is a two (2) level increase because the depiction involved a prepubescent minor or minors under the age of twelve (12).

(c)      Pursuant to U.S.S.G. §2G2.2(b)(6), there is a two (2) level increase because the offense involved the use of a computer.

(d)      Pursuant to U.S.S.G. §2G2.2(b)(7)(D), there is a five (5) level increase because the offense involved 600 or more visual depictions of minors engaged in sexually explicit conduct.

(e)      Pursuant to U.S.S.G. §2G2.2(b)(3)(f), there is a two (2) level increase because the offense involved distribution.

(f)      The resulting base offense level is **29**.

4

## Acceptance of Responsibility

7.      This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon your client's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. §3E1.1(b) for an additional 1-level decrease in recognition of your client's acceptance of personal responsibility for his conduct. This Office may oppose *any* adjustment for acceptance of responsibility if your client (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office or the United States Probation Officer; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty.

Thus, the final anticipated adjusted offense level is **26.**

8.      The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

9.      This Office and the Defendant agree that, with respect to the calculation of the advisory guidelines range, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in Chapters 2, 3, 4 or 5 of the United States Sentencing Guidelines will be raised or are in dispute.

## Obligations of the United States Attorney's Office

10.     The parties stipulate and agree that, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), **a sentence of between 18 months and 63 months imprisonment in the custody of the Bureau of Prisons is the appropriate disposition of this case.** For the purposes of this agreement, incarceration is a sentence to the Bureau of Prisons, and does not include any form of home confinement or other substitute for incarceration. This agreement does not affect the Court's discretion to impose any lawful fine or to set any lawful conditions of probation or supervised release. In the event that the Court rejects this plea agreement, *either* party may elect to declare the agreement null and void. Should the Defendant so elect, he will be afforded the opportunity to withdraw his plea agreement pursuant to the provisions of Federal Rule of Criminal Procedure 11(d)(2)(A).    At the time of sentencing, the United States Attorney's Office will recommend a sentence of between 18 months and 63 months, as well as a period of at least 5 years of supervised release.

11.     The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the

Defendant's background, character and conduct.

Waiver of Appeal

12.    In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

(a)    The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;

(b)    The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except as follows: (i) the Defendant reserves the right to appeal any term of imprisonment to the extent that it exceeds **sixty-three (63) months**; (ii) and this Office reserves the right to appeal any term of imprisonment to the extent that it is less than **eighteen (18) months** incarceration.

(c)    Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

(d)    The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

Restitution

13.    For purposes of sentencing, the offense of conviction constitutes a crime of violence pursuant to 18 U.S.C. § 16. Therefore, under 18 U.S.C. §§ 3663A, 2259, and 3771, any identified victim is entitled to mandatory restitution. The restitution could include the medical bills, compensation for time missed from work, as well as counseling costs (including travel) for any of the victims related to the incident, if any such costs exist or are reasonably projected. 18 U.S.C. §§2259, 3663A(b)(2) and (4). The Defendant further agrees that he will fully disclose to the probation officer and to the Court, subject to the penalty of perjury, all information, including but not limited to copies of all relevant bank and financial records, regarding the current location and prior disposition of all funds obtained as a result of the criminal conduct set forth in the factual stipulation. The Defendant further agrees to take all reasonable steps to retrieve or repatriate any such funds and to make them available for restitution. If the Defendant does not fulfill this provision, it will be considered a material breach of this plea agreement, and this Office may seek

6

to be relieved of its obligations under this agreement. Defendant understands that an unanticipated amount of a restitution order will not serve as grounds to withdraw Defendant's guilty plea. If the Defendant is incarcerated, the Defendant agrees to participate in the Bureau of Prisons Inmate Financial Responsibility Program.

### Forfeiture

14.     The Defendant agrees to forfeit all right, title and interest in the property seized by law enforcement authorities from his residence on May 6, 2011. The Defendant further agrees to take whatever steps are necessary to pass clear title to the property to the United States or any State authority. Those items include, but are not limited to: an Acer Aspire 57427620 notebook computer with s/n LXR4M020080321B68D1601, with accompanying Western Digital WD3200BEVT Hard Disk Drive with s/n WX11A7041043; as well as any property used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

### Obstruction or Other Violations of Law

15.     The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, (iii) moves to withdraw this guilty plea or (iv) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

### Court Not a Party

16.     The Defendant expressly understands that the Court is not a party to this agreement. The Defendant understands that the Court is under no obligation to accept this plea offer made pursuant to Rule 11(c)(1)(C). The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

<u>Entire Agreement</u>

17.     This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: _____

Judson T. Mihok
Assistant United States Attorney


I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

_1-31-2013_                                     _____
Date                                               Dewayne M. Booth

I am Mr. Booth's attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

_1-31-03_                                       _____
Date                                               Joseph A. Balter, Esquire

8

## EXHIBIT A
## STIPULATED FACTS

*The undersigned parties hereby stipulate and agree that if this case had proceeded to trial, the government would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.*

Dewayne M. Booth (BOOTH), age 48, is a resident of Frederick, Maryland.

On January 13, 2011, and February 7, 2011, BOOTH made available for downloading, via a peer-to-peer network, videos of child pornography that were in fact downloaded from his computer by two undercover federal agents (one working with Homeland Security in Delaware and one working with the FBI in New York). The seven videos downloaded on those two dates depict minor females engaged in various acts of sexually explicit conduct, including acts of bestiality with a dog and vaginal intercourse with adult males. Some of those videos are described in Counts One and Two of the Indictment.

A search warrant was authorized and executed at BOOTH's residence in Frederick on May 6, 2011. A number of items were seized, to include an Acer Aspire 57427620 notebook computer with s/n LXR4M020080321B68D1601, with accompanying Western Digital WD3200BEVT Hard Disk Drive with s/n WX11A7041043. Forensic analysis of that hard drive revealed 34 video files and 19 image files that depicted minors engaged in sexually explicit conduct, including, but not limited to files with the following titles: "00205278.jpg" which depicts a nude prepubescent minor female lying on bed who appears to be performing digital masturbation upon herself; and "00210960.jpg" which depicts a partially nude prepubescent minor female lying on a bed and an adult male with only the hand and genitals visible to the

1

camera who is attempting to perform vaginal intercourse upon the minor female. The files included videos of prepubescent children.

On May 6, 2011, the same day the search warrant was executed, BOOTH, after knowingly and voluntarily agreeing to waive his rights pursuant to *Miranda*, consented to being interviewed. BOOTH stated in sum and substance that the Acer Aspire notebook computer was his and that it is password protected. BOOTH stated that he had seen videos on "Ustream" and "Stickam" which depicted young people, perhaps 10 years old and up, "showing off" for the camera. Two days prior to the search warrant being executed (May 4, 2011), BOOTH indicated that he was home with "Ricky" and "Deacon"; that he, BOOTH, used the computer on May 4, 2011, to visit the following websites: Google, Limewire (which is a peer-to-peer file sharing application), webcam, stickam, and "ptwebcam," which stands for pre-teen webcam. BOOTH indicated that he was curious about the videos and that these sites depict younger girls (9 to 10 years old) showing their breasts. BOOTH defined child pornography as what was on his computer, and stated that he was the only one looking at child pornography at the residence. BOOTH understood that peer-to-peer applications save and share, that it was bad to look at child pornography, and that he saved the child pornography files to "My Files" or "Documents." BOOTH estimated that the breakdown of adult to child pornography was about 50/50.

BOOTH possessed the videos and images, including those named and described in the Indictment, by selecting them for downloading and sharing, and, during the time specified in the Indictment, stored them on his hard drive. BOOTH knew the videos and images depicted prepubescent minors engaged in sexually explicit conduct. In addition, the images had been downloaded from the internet and was stored on the Western Digital WD3200BEVT Hard Disk

2

Drive with s/n WX11A7041043, made outside the state of Maryland, so it traveled in or affected interstate or foreign commerce.

I have read this statement of facts, and carefully reviewed it with my attorney.  I acknowledge that it is true and correct.

1-31-2013
Date

Dewayne M. Booth

3